UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **PLAINTIFF** |
| | ) | |
| v. | ) | CASE NO. 4:15CR00140-004 |
| | ) | |
| **TARA LONG** | ) | **DEFENDANT** |

### SENTENCING MEMORANDUM & MOTION FOR VARIANCE

Comes the defendant, Tara Long, by and through appointed counsel, and for her Sentencing Memorandum and Motion for Variance, states as follows:

On October 4, 2016, the Court accepted Ms. Long's guilty plea to Count I of the Superseding Information that charged her with a violation of 21 U.S.C. § 846 for conspiracy to possess with intent to distribute methamphetamine. Under the Presentence Report (PSR), she is facing a guideline sentence of 37-46 months (after the third point for acceptance); however, she is eligible for Safety Valve, which alters this calculation. See Section I, infra. There is a pending objection to the PSR related to this eligibility.

As argued in more detail below, Ms. Long moves this Court for a variance for a probationary sentence and community service component in light of multiple factors, including successful rehabilitation (in Court-ordered residential treatment, chemical-free living, and outpatient treatment), essentially perfect conduct while on pretrial release and pending sentencing, her own voluntary attendance at recovery meetings, entrepreneurial efforts in starting a canine boarding business, and, perhaps most importantly, having a special-needs child – all to be considered in light of her minimal criminal history.

1

### I.   MS. LONG QUALIFIES FOR SAFETY VALVE RELIEF

Ms. Long objects to the current PSR's guideline calculation with respect to Safety Valve eligibility because she only has one criminal history point. PSR at ¶¶ 28, 45-46.[1] Notably, all parties, including U.S. Probation and Pretrial Services, initially thought that Ms. Long's two misdemeanor convictions would place her into category II, rendering her ineligible for Safety Valve relief. After further scrutiny by counsel after receiving the first PSR draft, defense counsel is authorized to inform the Court that both he and Julie Peters, AUSA agree that Ms. Long does qualify and should receive Safety Valve relief pursuant to U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f)(1-5). Accordingly, Ms. Long's Base Offense Level should be 19 after the third point, which results in a guideline recommended sentence of 30-37 months imprisonment.

### II.   ANALYSIS UNDER 18 U.S.C. § 3553(a)

Ms. Long points to the following factors under 18 U.S.C. § 3553(a) in an effort to persuade the Court that the requested probationary sentence is reasonable, sufficient, and appropriate.

   a.   Nature and Circumstances of the Offense

On June 3, 2015, Ms. Long received two ounces of methamphetamine intended for redistribution; she also kept an amount for personal use. She engaged in similar conduct on prior occasions as well. Upon arrest, Ms. Long gave a statement to

---

[1] USPO stated in the PSR that Ms. Long may have qualified for safety valve absent the plea agreement, presumably because of the stipulation in the plea agreement that no other enhancements or reductions apply under the U.S.S.G. PSR at ¶ 46; Plea Agreement at ¶ 5.C. This is not the intention of the parties as reflected by the USAO's position that Ms. Long does qualify. Furthermore, Ms. Long qualifies for safety valve independently of the agreement because the relief is also codified under 18 U.S.C. § 3553(f)(1-5).

investigators and admitted to her conduct on the date of June 3, 2015 as well as in the past.

  b.  History and Characteristics of the Defendant

Ms. Long is 41 years old and has lived in Mayflower, Arkansas and also in Perry County her entire life. She discovered methamphetamine around the age of 21 and used it regularly until her arrest in this case. She has no prior history of drug dealing or aiding such conduct.

On July 21, 2015, Ms. Long appeared for her arraignment and the Magistrate Judge ordered residential substance abuse treatment. She went directly to the facility and successfully completed the thirty-day admission. After discharge, Pretrial coordinated her admission to chemical-free living at Freedom House in Russellville where she stayed from August 2015 through March 2016. In support of her "Second Motion to Modify Pretrial Release Conditions" (Doc. 56), Ms. Long attached a letter from her counselor who referred to Ms. Long as a "model client" while living there. Id. at ¶ 4. The Magistrate Judge entered an Order (Doc. 57) allowing her to return home to live with her parents after nine months at Freedom House. All drug screens since July 23, 2015 have been negative. PSR at ¶ 38.

Ms. Long has a son age 11 who lives with her and is homeschooled. The boy is diagnosed with cerebral palsy and receives physical therapy for ninety minutes each week and occupational therapy for sixty minutes each week. Exhibits A1-2 (Filed Under Seal). As the Court can see, the child requires significant care related to his diagnosis, and Ms. Long is primarily responsible for ensuring his care and ongoing weekly therapies. Ms. Long homeschools her son along with her mother, Tresia Long. Mrs.

3

Long – the mother and grandmother – stated in her letter of support (previously submitted to the Court) that the boy's father is not helpful.

When a defendant appears for arraignment, it is common for a Magistrate Judge to tell the defendant that the sentencing Judge may take into consideration the defendant's compliance while on pretrial release. Ms. Long's conduct on pretrial release is pretty much spotless. The PSR does not reflect any problems while she's been under supervision (pretrial and pending sentencing) for this eighteen-month period. After rehab, she attended every outpatient session, never missed an appointment with her pretrial officer, and never tested positive for drug use.[2] Ms. Long has done more than just comply with her conditions of release; she now voluntarily attends Narcotic's Anonymous meetings on her own, which further substantiates her commitment to remain sober and drug-free. Exhibit B.

Ms. Long is very fond of dogs and has opened a new business called Kountry Kennels on her parents' property in Mayflower. The effort can be best described as a father-daughter project, as her Dad's construction know-how and contacts were instrumental in building the structure that houses the business. Exhibit C. They broke ground in late 2015 and opened for business mid-2016. Ms. Long's entrepreneurial spirit and determination are impressive qualities that should serve to keep her focused, productive and away from the old life. This drive of hers, coupled with the homeschooling of her son and seeing to his serious medical needs, are factors that mitigate in favor of probation.

---

[2] While a defendant is expected to comply with such objectively reasonable conditions, it is very common to see violations, especially in drug cases involving addiction. So, in our view, it is notable that she has done so well.

4

c.  <u>Need for Sentence that Reflects the Seriousness of the Offense, Promotes Respect for the Law, and Provides Just Punishment</u>

We believe that the requested probationary sentence is sufficient, but not greater than necessary, to reflect the seriousness of this offense, promote respect for the law, and provide just punishment.

There's no question that the offense here is extremely serious. While no excuse, it appears that Ms. Long's path to the offense conduct here began with her untreated user conduct (which worsened over time) and led to assisting the co-defendants in this case. She has had total respect for her current legal proceedings as evidenced by her pretrial conduct and rehabilitation.

Thus it should be clear from Ms. Long's post-indictment behavior that she would be an excellent candidate for a probationary sentence with a community service component. This would likely be a seamless transition for her. As stated above, she is very busy as a working mother with a special-needs child living life in the context of a loving and supportive family. A community service requirement to work with others suffering from addiction or, alternatively, perhaps working with dogs in some capacity would be perfect for her as vocational training.

d.  <u>Afford Adequate Deterrence to Criminal Conduct</u>

A probationary sentence with community service under tight supervisory conditions would be sufficient to deter Ms. Long from committing crimes in the future.

e.  <u>Protect Public from Further Crimes of the Defendant</u>

Ms. Long's countable criminal history is comprised of one misdemeanor shoplifting conviction. A probationary sentence, under threat of prison for any violation thereof, will be sufficient to protect the public. She's clearly not a career felon by her

5

history and her conduct on pretrial release and pending sentencing is a good predictor of right action going forward. She also lives in a very stable and supportive environment.

    f.    <u>Provide Defendant with Training, Medical Care, or Other Correctional Treatment</u>

There is no need to imprison Ms. Long for further training, medical care, or correctional treatment. Instead, she is a better candidate for community service in the substance abuse treatment arena or with dogs.

### III. CONCLUSION

Ms. Long asserts that she is an excellent candidate for probation and community service for the reasons stated herein above. A probationary sentence would be sufficient, but not greater than necessary, to comply with § 3553(a).

WHEREFORE, Defendant Tara Long prays that this Motion be granted in whole, or at least in part, and for all other just and appropriate relief to which she is entitled.

                                        Respectfully submitted,

                                        LAW OFFICE OF BLAKE BYRD, P.A.

                                        By:    /s/ Blake Byrd
                                                 J. Blake Byrd (2007141)
                                                 P.O. Box 251416
                                                 Little Rock, AR 72225
                                                 (501) 444-2120 phone
                                                 blake@byrd-legal.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January 2017, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which shall send notification to the following:

    Julie Peters, AUSA
    julie.peters@usdoj.gov

                                                 /s/ Blake Byrd